UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAREDEVIL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV1054 TIA |
| ) | |
| ZTE USA, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant ZTE USA, Inc.'s Motion to Compel Arbitration for Stay of the Case and for Enlargement of Time to Respond to the Petition for Damages [Doc. #4]. The case was assigned to the undersigned United States Magistrate Judge pursuant to Rule 2.08 of the Local Rules of the United States District Court for the Eastern District of Missouri.

On May 4, 2011, Plaintiff Daredevil, Inc. filed a three count Petition for Damages against Defendant ZTE USA, Inc. in the Circuit Court of St. Louis County, Missouri. The Defendant removed the Petition to federal court on June 10, 2011. The Petition arises from a Master Supply Agreement for the purchase of telecommunications products which the parties entered into on September 25, 2008. (Petition, ¶ 7) Plaintiff alleges Breach of Contract, Rescission, and Unjust Enrichment and seeks damages in excess of $2.6 Million. (Petition, p. 6)

On June 13, 2011, Defendant filed a Motion to Compel Arbitration for Stay of the Case and for Enlargement of Time to Respond to the Petition for Damages. Defendant asserts that the Master Agreement at issue in this case contained a binding arbitration clause in paragraph 20 which requires the parties to arbitrate rather than litigate "any dispute, claim, or controversy that may occur between the parties arising out of or related to this Agreement." (Def. Motion to Compel, Exh. 1, ¶ 20) The

provision further states, "[t]he parties to this Agreement expressly agree that any order or award of the arbitrator shall be final and binding and may be enforced in any court of competent jurisdiction." (Id.) Defendant argues that Plaintiff's filing of a lawsuit was in contravention of the arbitration agreement and the Federal Arbitration Act. Plaintiff has not filed a response to Defendant's motion, and the time to do so has expired.[1]

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-4:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Congress enacted the FAA to "'establish[ ] and regulat[e] the duty to honor' such arbitration agreements." Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc., 516 F.3d 695, 699 (8th cir. 2008) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 n. 32 (1983)). When considering a motion to stay pending arbitration, the court "'must engage in a limited inquiry to determine whether a valid agreement to arbitrate exists between the parties and whether the specific dispute falls within the scope of that agreement.'" Id. (quoting Houlihan v. Offerman & Co., Inc., 31 F.3d 692, 696 (8th Cir. 1994)).

Review of the Master Supply Agreement demonstrates that the parties agreed to participate in binding arbitration in the event of a contract dispute. (Def. Motion to Compel, Exh. 1, ¶ 20) Further, Plaintiff's causes of action pertain to the Master Supply Agreement attached to the Petition.

---

[1] Under Local Rule 4.01(B), "each part opposing a motion shall file, within (7) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies." Plaintiff was electronically served on June 13, 2011.

(Notice of Removal, Exh. F) "Where there is a valid, broad arbitration clause like the one here, a court presumes arbitrability of any particular substantive dispute and resolves any doubts in favor of coverage 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" Id. at 700 (quoting AT & T Tech., Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986)).

Defendant contends, and the Plaintiff does not dispute, that the arbitration clause in the Master Supply Agreement applies in this case. Plaintiff has failed to argue that the clause is susceptible to any other interpretation. As such, the Court will grant Defendant's motion and stay the proceedings pending the outcome of arbitration.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration for Stay of the Case and for Enlargement of Time to Respond to the Petition for Damages Pending the Resolution of this Motion [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall submit to arbitration as set forth in paragraph 20 of the Master Supply Agreement.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the outcome of arbitration.

**IT IS FINALLY ORDERED** that Defendant's Motion for Enlargement of Time to respond

---

[2] Under 9 U.S.C. § 3:

> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court . . . upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . .

to the Petition for Damages is **GRANTED**, and Defendant shall file its Response at the conclusion of arbitration, if necessary.

        /s/ Terry I. Adelman

UNITED STATES MAGISTRATE JUDGE

Dated this  22nd  day of  June , 2011.